# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REPUBLIC FRANKLIN INSURANCE COMPANY**, <br><br> Plaintiff, <br><br> v. <br><br> **BRETHREN MUTUAL INSURANCE COMPANY**, <br><br> Defendant. | **CIVIL ACTION NO. 18-5300** |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                        **January 29, 2020**

      Plaintiff Republic Franklin Insurance Company initiated this civil action against Defendant Brethren Mutual Insurance Company for declaratory relief and equitable subrogation. Republic Franklin seeks reimbursement of $175,000 it paid on behalf of its insured, Paul Lamb, asserting that Lamb was entitled to additional insured coverage from Brethren Mutual. Both parties now move for summary judgment. For the reasons that follow, Republic Franklin's motion will be granted and Brethren Mutual's motion will be denied.

## I. FACTUAL BACKGROUND

      The parties agree upon the following facts. On February 10, 2016, after exiting a gas station in Honey Brook, Pennsylvania, Karen Newton slipped and fell in the attached parking lot. Lamb owned the gas station and parking lot, and leased the gas station to Dharmesh Bhalala and Popat Bhalala, who were the owners of Shree Ram Enterprises, LLC, DBA Honey Brook Gulf ("SRE"). The Lease Agreement defines the "Leased Premises" as "that certain space in the strip shopping center known as Honey Brook Plaza within the one-story building known as 2500 Conestoga Avenue (the "Building"), together with the gasoline service station facilities

associated with such convenience store . . ." It is undisputed that the parking lot was not part of the "Leased Premises" as defined, and that Honey Brook Plaza included businesses other than the gas station.

At the time of Newton's fall, Republic Franklin insured Lamb and Brethren Mutual insured SRE. The Lease Agreement between Lamb and SRE required SRE to name Lamb as an additional insured. Accordingly, the Additional Insured endorsement in Brethren's policy names Lamb as an Additional Insured "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [SRE] and shown in the Schedule."[1]

Newton sued both Lamb and SRE for her slip and fall. Relevant to this case, Newton's claim settled with Republic Franklin paying $175,000 on behalf of Lamb and Brethren Mutual paying $35,000 on behalf of SRE. Republic Franklin then filed suit in this Court arguing that Brethren was obligated to pay the entire settlement based on the additional insured provision of SRE's policy.

## II.    LEGAL STANDARD

"The underlying purpose of summary judgment is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[2] A court will award summary judgment on a claim or part of a claim where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[4] A dispute is "genuine" if the

---

[1] Doc. No. 15-5 at 48.

[2] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

[3] Fed. R. Civ. P. 56(a).

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[5]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[6] Further, a court may not weigh the evidence or make credibility determinations.[7] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[8] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[10]

The rule is no different where there are cross-motions for summary judgment.[11] As stated by the Third Circuit, "[c]ross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist."[12]

---

[5] *Id.*

[6] *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005) (citation omitted).

[7] *Boyle v. Cty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1988).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[9] *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

[10] *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[11] *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008).

[12] *Id.* (internal quotation omitted).

## III.  DISCUSSION

The parties agree that as an additional insured person on the Brethren Mutual policy, Lamb is afforded coverage if the "bodily injury" alleged by Newton arose out of the "ownership, maintenance or use" of that part of the premises leased to SRE. Moreover, Republic Franklin asserts, and Brethren does not dispute, that the Brethren Mutual policy provided primary coverage to Lamb for the Newton claim, such that if the Brethren Mutual policy afforded coverage for Newton's injuries, Brethren Mutual would be obligated to pay as to both SRE and Lamb.[13] Therefore, "the sole question in this case is whether under the policy and Pennsylvania law [Newton's] accident should be regarded as having" arisen out of the maintenance or use of the leased property.[14]

"The task of interpreting a contract is generally performed by a court rather than by a jury."[15] "The general rule in Pennsylvania, as elsewhere, is that courts are required to give effect to the language of contracts, including insurance policies, if that language is clear and unambiguous."[16] "'[A]rising out of' [in an insurance policy] means causally connected with, not proximately caused by. 'But for' causation, i.e. a cause and result relationship, is enough to satisfy this provision of the policy."[17]

---

[13] *See* Republic Franklin's Memorandum of Law in Support of Motion for Summary Judgment [Doc. No. 15-1] at 12.

[14] *Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 391 (3d Cir. 2012). The Court notes that whether Newton's injury was caused by the negligence of Lamb or SRE is irrelevant so long as the accident "arose out of" the "use" of the premises by SRE. *See Mega Const. Corp. v. Quincy Mut. Fire Ins. Co.*, 42 F. Supp. 3d 645, 655 (E.D. Pa. 2012) (collecting cases); *Twp. of Springfield v. Ersek*, 660 A.2d 672, 676 (Pa. Cmwlth. 1995) (holding that the additional insured endorsement provided coverage for the Township "regardless of whether the negligence which gives rise to the claim rests with Ersek or with the Township").

[15] *Standard Venetian Blind Co. v. Am. Empire Ins. Co.*, 469 A.2d 563, 566 (Pa. 1983) (citations omitted).

[16] *Tran v. Metro. Life Ins. Co.*, 408 F.3d 130, 136 (3d Cir. 2005) (citing *Bensalem Township v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1309 (3d Cir. 1994); *Standard Venetian*, 469 A.2d at 566).

[17] *Allstate*, 667 F.3d at 391 (quoting *Manufacturers Cas. Ins. Co. v. Goodville Mut. Cas. Co.*, 403 Pa. 603, 170 A.2d 571 (1961)). Whether Newton's injury arose from "ownership, maintenance or use" of the leased property is a fact specific question, *see Allstate*, 667 F.3d at 391 n.6, which requires the Court to "consider relevant state precedents,

Brethren Mutual relies mainly on *G&E Realty of Easton, LLC v. Brethren Mutual Ins. Co.*,[18] an unpublished opinion from the Court of Common Pleas of Northampton County, for its argument that, even though Newton would not have been in the parking lot but for her visit to the attached gas station, coverage does not extend to Lamb.[19] Defendant asserts that, in *G&E Realty*, the court analyzed the same insurance provision at issue here and held that the owner of the premises was not covered by the policy.

However, *G&E Realty* is inapposite as the insured person in that case was not a customer, but was merely walking on the sidewalk next to the leased premises when she fell. Therefore, to determine whether the injury arose out of the leased premises, the court looked to who controlled the area where the injury occurred because that was the only connection between the leased premises and the accident. Accordingly, because the leased premises did not include the area where the injury occurred, the court held that the injury did not arise out of the leased premises.

The cause and result relationship alleged by Republic Franklin is not that Newton was on property controlled by SRE when she fell.[20] Rather, Republic Franklin asserts that, because Newton was only in the parking lot because she was patronizing SRE's leased premises, but for SRE's use of the leased premises, Newton would not have been injured.[21] Therefore, Republic

---

analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Covington v. Cont'l Gen. Tire, Inc.*, 381 F.3d 216, 218 (3d Cir. 2004) (internal citation and quotation omitted).

[18] No. C-48-CV-2017-06657 (Northampton Cty. April 25, 2019) [ECF Doc. 14-4].

[19] Doc. No. 14 at 7; Doc. No. 17 at 1–2

[20] Defendant also argues that "[f]urther supporting award of Summary Judgment to Brethren Mutual in this case is Pennsylvania legal concept that as between landlord and tenant, liability for a third party action follows control." Brethren Mutual's Brief In Opposition To Republic Franklin's Motion For Summary Judgment [Doc. No. 17] at 10–13. However, the cases that Defendant cites are common law landlord-tenant cases, not cases interpreting insurance policies.

[21] Defendant relies on two other cases as well. However, both are inapposite. In *Meridian Mut. Ins. Co. v. Cont'l Bus. Ctr.*, the plaintiff "failed to allege any connection, let alone causation, between the real property rented by Little Souls and the fire or the resulting damage." 174 Fed. Appx. 104, 106–07 (3d Cir. 2006). Here, Newton was only the injured because she was patronizing SRE's leased premises. Similarly, unlike in *Time Warner Entm't Co., L.P. v.*

Franklin argues that there is a causal connection between SRE's leased premises and the injury. Of course, "under Pennsylvania law not every incidental factor that arguably contributes to an accident is a 'but for' cause in the legal sense."[22] However, "far from being 'incidental,'" SRE's "ownership, maintenance or use" of the leased premises directly "caused" Newton's injuries because she was only injured as a result of patronizing SRE's leased premises.[23] Therefore, as a matter of law, Newton's injury arose from SRE's use of the leased premises.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff Republic Franklin's Motion for Summary Judgment and denies Defendant Brethren Mutual's Motion for Summary Judgment.

---

*Travelers Cas. & Sur. Co.*, Newton's injury was not "unrelated" to SRE's use of the leased property. No. 97-6364, 1998 WL 800319, at *8 (E.D. Pa. Nov. 10, 1998) (citing *Pennsylvania Turnpike Comm. v. Transcontinental Ins. Co.*, 1995 U.S. Dist. LEXIS 11089, at *25 (E.D.Pa. Aug. 7, 1995)).

[22] *Meridian*, 174 F. App'x at 106 (citing *U.S. Underwriters Ins. Co. v. Liberty Mut. Ins. Co*., 80 F.3d 90, 94 (3d Cir. 1996)).

[23] *Minnesota Lawyers Mut. Ins. Co. v. Ahrens*, 432 F. App'x 143, 151 (3d Cir. 2011) (quoting *U.S. Underwriters*, 80 F.3d at 94); *see also Time Warner*, 1998 WL 800319, at *9.